UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00007-FDW

| LARRY WAYNE AIKEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| PETER ADOLF, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

I.  **BACKGROUND**

Pro se Plaintiff Larry Wayne Aiken ("Plaintiff") is a federal inmate currently incarcerated at Fort Dix Federal Correctional Institution located in Joint Base MDL, New Jersey. On May 20, 2014, Plaintiff was charged in a Bill of Indictment with one count of possession of child pornography by means of interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B). [Criminal Case No. 5:14-cr-00022-RLV-DSC ("CR"), Doc. 1: Bill of Indictment]. Plaintiff was represented by Peter Adolf, a court-appointed attorney. The Government was represented by Assistant United States Attorneys Kimlani Ford and Thomas Ascik. Plaintiff agreed to and did, in fact, plead guilty to the charge of the Indictment. [CR Doc. 18 at 1: Plea Agreement; CR Doc. 20: Acceptance and Entry of Guilty Plea]. On October 7, 2014, the Honorable David Keesler, United States Magistrate Judge, conducted Plaintiff's Rule 11 hearing. [See CR Doc. 20]. On June 3, 2015, Plaintiff's sentencing hearing was held. Petitioner was sentenced by United States District Judge Richard Voorhees. Petitioner was sentenced to a term of imprisonment of 120 months. [CR

Doc. 31 at 2]. Judgment on Petitioner's conviction was entered on June 4, 2015. [Id.]. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. [CR Doc. 46]. Petitioner then filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which this Court denied on the merits. [CR Doc. 50, 51]. The Fourth Circuit dismissed Petitioner's appeal from that judgment. [CR Doc. 52, 54].

On January 24, 2020, Plaintiff filed the complaint in this matter pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. Plaintiff names Peter Adolf, Kimlani Ford, Thomas Ascik, Judge Keesler, and Judge Voorhees as Defendants in this matter. Plaintiff alleges that on May 20, 2014, while he was incarcerated at FCI Fort Dix in New Jersey for a supervised release violation, he was wrongfully charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), a charge that had been previously dismissed by the United States. [CV Doc. 1 at 2]. Plaintiff claims that Defendants Ford and Ascik committed "Prosecutorial Misconduct, False Indictment, and Breach of Oral Contract." [Id. at 5]. Plaintiff also claims that Defendant Adolf provided ineffective assistance of counsel in violation of Plaintiff's right under the Sixth Amendment and violated his Fifth Amendment due process rights. [Id. at 4]. As for Judge Keesler, Plaintiff contends Judge Keesler committed "Rule 11 Error by not properly conducting the Rule 11 Colloquy." [Id. at 5]. Plaintiff also alleges that "Judge Richard Voorhees, along with Ms. Ford and Mr. Adolf, failed to properly submit evidence, a letter [Plaintiff] had written to [Judge] Voorhees, stating the fact [Plaintiff] was a victim of Double Jeopardy." [Id. at 6]. In his Complaint, Plaintiff also references "[his] false arrest, false indictment, and false imprisonment" as violative of the Fifth Amendment. [Id. at 4].

For injuries, Plaintiff alleges that his mental health has suffered, citing worsening post-traumatic stress disorder, depression, and becoming "psychosocial due to [his] present environment. [Id.].

For relief, Plaintiff wants his 120-month sentence and 120-month term of supervised release vacated, "total expungement" of his federal criminal record, removal from the Sex Offender Registry, and monetary damages. [Id. at 6-7].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

The Court finds that Plaintiff's Complaint suffers from several incurable deficiencies.

First, the acts of which Plaintiff complains occurred in 2014 and 2015. Any claim Plaintiff may have had under Section 1983 or Bivens or otherwise has long since expired. See Harrison v. Herbel, No. 5:05-CT-550-D, 2007 WL 9757745, at *1 (E.D.N.C. July 17, 2007) (dismissing Bivens claim where Plaintiff failed to file his complaint within the applicable statute of limitations). Plaintiff's failure to timely file the complaint is plainly evident and the Plaintiff, therefore, has failed to state a claim as a matter of law.

Second, Plaintiff's claims are barred by Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction and sentence in the underling criminal matter. This conviction, however, has not been reversed or otherwise invalidated. Therefore, Plaintiff's Complaint is barred by Heck.

Third, Judges Voorhees and Keesler are immune from suit under the doctrine of judicial

4

immunity.  See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).  Because Judge Voorhees and Judge Keesler are immune from suit, Plaintiff has failed to state a claim against them.

Fourth, as to Plaintiff's claims against Defendants Ford and Ascik, prosecutorial immunity bars Plaintiff's claims.  Imbler, 424 U.S. 409.  Plaintiff, therefore, has failed to state a claim against these Defendants.

And, finally, as to Defendant Adolf, to state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Defendant Adolf, as Plaintiff's attorney, did not act under color of state law.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine.  See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

In sum, Plaintiff's claims are barred by the statute of limitations, Heck, judicial immunity, and prosecutorial immunity.  Furthermore, Plaintiff has not stated a claim under Section 1983

5

against Defendant Adolf because Defendant Adolf did not act under color of state law. As such, Plaintiff's Complaint will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed with prejudice on initial review. 28 U.S.C. §§ 1915A and 1915(e).

2. The Clerk is directed to terminate this action.

Signed: April 20, 2020

Frank D. Whitney
Chief United States District Judge